**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff/Respondent,** | ) | |
| | ) | **Criminal Case No. CR-22-35-RAW** |
| **v.** | ) | |
| | ) | **Civil Case No. CV-26-101-RAW** |
| **DONALD LEE PADEN,** | ) | |
| | ) | |
| **Defendant/Petitioner.** | ) | |

**ORDER**

Now before the court is the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("§ 2255 motion") filed by *pro se* Defendant Donald Lee Paden. [CR Doc. 81; CV Doc. 1]. Also before the court are a brief in support of the § 2255 motion, a motion for appointment of counsel, and a motion for equitable tolling to overcome § 2255 time bar. [CR Docs. 83, 84, and 85]. The Government filed a motion to dismiss Defendant's § 2255 motion. [CR Doc. 87]. The Government "requests this [c]ourt enter an order dismissing the § 2255 motion as untimely, denying [Defendant's] motion for appointment of counsel and overruling his motion for equitable tolling." *Id*. at 5. This matter is ripe for ruling.

On November 15, 2022, Defendant pleaded guilty to Possession of Certain Material Involving the Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2252(a)(4)(B) & (b)(2) (Count One of the Superseding Indictment). [CR Doc. 52]. On December 19, 2023, Defendant was sentenced to 120 months of imprisonment. [CR Doc. 70]. Judgment was entered on January 2, 2024. [CR Doc. 75]. An amended judgment was entered on January 4, 2024. [CR Doc. 77]. Defendant did not appeal.

Defendant's § 2255 motion was filed on April 6, 2026. Defendant does not dispute that the § 2255 motion is untimely, but he argues that "[a] novel legal theory can constitute cause to excuse a procedural default under 'equitable tolling' when the claim 'is so novel that its legal basis was not reasonably available to counsel.'" [CR Doc. 85 at 1]. In the § 2255 motion, Defendant asserts three grounds for relief. First, he claims "[a]ll federal statutes criminalizing the production,

distribution, viewing, and possession of child pornography are unconstitutional because they have demonstrably and consistently failed to achieve their explicitly stated and singular congressional goal – the eradication of child pornography from the market." [CR Doc. 81 at 13]. Second, he argues that "[t]he sentencing scheme in all federal child pornography statutes are unconstitutional where they are based solely on 'general deterrence' and the primary element of general deterrence – that people are rational – cannot be met because people engaged in this type of behavior are sexually aroused, and sexual arousal has been shown to substantially effect [sic] rational thinking and decision-making." *Id*. at 15. Lastly, Defendant alleges that "[t]he sentencing scheme in all federal child pornography statutes are unconstitutional where they have failed to achieve the singular goal of Congress – to eradicate the material from the market, despite 47 years of numerous congressional amendments to impose more severe penalties." *Id*. at 17.

Section 2255 motions are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A federal prisoner typically has one year from the date on which his conviction becomes final to file a motion for habeas corpus relief. *See* 28 U.S.C. § 2255(f)(1). The Government contends that Defendant's judgment of conviction became final on or about January 18, 2024,

which was 14 days after Defendant was sentenced.[1] [CR Doc. 87 at 3]. Therefore, according to the Government, Defendant needed to file his § 2255 motion on or before January 18, 2025, for it to be timely under § 2255(f)(1). *Id*. As noted above, Defendant filed his § 2255 motion on April 6, 2026, almost *15 months* beyond the one-year filing deadline. In addition, the Government asserts that § 2255(f)(2), § 2255(f)(3), and § 2255(f)(4) are inapplicable. *Id*. The Government notes that "Defendant has not alleged any impediment to filing his § 2255 motion earlier nor has he argued that his motion rests on newly discovered facts or a new Supreme Court opinion." *Id*. The Government then responds to Defendant's other arguments:

> Defendant asks this Court to excuse his delay by invoking equitable tolling because his motion is based on a "novel" legal theory. He asserts that all child pornography statues should be declared unconstitutional because they have not been successful in eliminating child pornography. Under his logic, statutes forbidding all manners of murder and mayhem should also be eliminated as people continue, unsurprisingly, to commit criminal acts. He references no citations, new or old, supporting his nonsensical theory.
>
> Defendant does rely on *Cnijetinovic v. Eberlin*, 617 F.3d 833, 837 (6th Cir. 2010), as a basis for granting equitable tolling based on "novel" legal theories. The decision has never been mentioned in the Tenth Circuit. It was later distinguished in *Carosiello v. Eppinger*, 2023 WL 9955818, (N.D.Ohio, Dec. 27, 2023):
>
>> The situation in this case is distinct. The *Reed* court found "cause" based on new retroactively-applied Supreme Court precedent that disproved a practice the Supreme Court had arguably sanctioned in prior cases, which was "sufficiently novel" at the time of the conviction "to excuse [the petitioner's] attorney's failure to raise the ... issue at that time." 468 U.S. at 17-20. Sixth Circuit courts applying *Reed* have also addressed allegedly "novel" claims based on new Supreme Court precedent. *See, e.g., Benton v. Brewer*, 942 F.3d 305 (6th Cir. 2019) (assessing "cause" based on application of *Lafler v. Cooper*, 566 U.S. 156 (2012)); *Cvijetinovic v. Eberlin*, 617 F.3d 833 (6th Cir. 2010) (assessing "cause" based on application of *Blakely v. Washington*, 542 U.S. 296 (2004)).
>>
>> **Here, there is no recent Supreme Court precedent articulating the new constitutional standards Mr. Carosiello seeks to apply** in Grounds Three and Four, let alone precedent applying those standards retroactively. Instead, Mr. Carosiello asserts that **his**

---

[1] If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006).

**arguments are wholly novel, having not yet been ruled upon by any court** (ECF Doc. 17-1, pp. 160-70, 210-13), and seeks a finding that his novel arguments should be adopted and retroactively applied (*id.* at pp. 176-82, 215). **The *Reed* standard does not support a finding of "cause" where the Supreme Court has not yet articulated "a new constitutional rule, representing a clear break from the past,"** 468 U.S. at 17 (internal citation and quotation marks omitted), and Mr. Carosiello has not identified authority to support such a significant extension of the cause and prejudice exception. **Indeed, if procedural default were excused every time a petitioner asserted a "novel" constitutional argument —regardless of whether that new constitutional interpretation was adopted and made retroactive by the Supreme Court—the exception to procedural default could swallow the rule,** undermining the statutory requirements that federal habeas petitioners must fairly present their claims to the state courts and exhaust all available remedies. *See* 28 U.S.C. § 2254(b), (c).

(Emphasis added).

Here, as in *Carosiello,* Defendant "is not seeking relief based on a new constitutional rule established by the Supreme Court, but requesting that this Court announce a new substantive constitutional rule in the first instance." *Id*. at 39. Such claims do not meet his burden to show cause sufficient to overcome the procedural bar. His motion is filed out of time and should be dismissed.

[CR Doc. 87 at 4-5]. The Government's arguments are persuasive. Defendant's § 2255 motion should be dismissed as time-barred.

A district court *may* appoint counsel under 18 U.S.C. § 3006A, for any financially eligible person who is seeking relief under 28 U.S.C. § 2255, whenever the court determines that the interests of justice so require. The court is not persuaded that the interests of justice require appointment of counsel. The Tenth Circuit has explained that "[t]here is no right to counsel in collateral proceedings." *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006). Defendant's request for appointment of counsel is denied.

A certificate of appealability may issue only if Defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When the district court dismisses a § 2255 motion on procedural grounds, a defendant must satisfy a two-part standard to obtain a certificate of appealability. Defendant must show "jurists of reason would find it debatable

whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at hand, it is clear that Defendant's § 2255 motion is untimely, meaning Defendant cannot overcome the second part of the standard. Since the second part has not been established, there is no need to address the first part of the standard. This court hereby declines to issue a certificate of appealability.

Defendant's motion for appointment of counsel [CR Doc. 84] and motion for equitable tolling to overcome § 2255 time bar [CR Doc. 85] are DENIED. The Government's motion to dismiss Defendant's § 2255 motion [CR Doc. 87] is GRANTED. Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [CR Doc. 81; CV Doc. 1] is hereby DISMISSED as time-barred.[2] Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this court hereby declines to issue a certificate of appealability.

It is so ordered this 3rd day of June, 2026.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

[2]    The motion, files and records of this case conclusively show that Defendant is entitled to no relief. Thus, no evidentiary hearing was held.